# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ALKARIM PIRBHAI LAKHANI,** | ) | **CASE NO.  1:08CV2355** |
| | ) | |
| Petitioner, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **MIKE O'LEARY, et al.,** | ) | |
| | ) | **ORDER** |
| Respondents. | ) | |
| | ) | |

The instant matter is before the Court on Respondents' Motion to Dismiss (Dkt. # 15) Petitioner Alkarim Pirbhai Lakhani's ("Lakhani") Petition for the Writ of Habeas Corpus (Dkt. # 1), which he filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, Respondents' Motion to Dismiss is granted and Lakhani's Petition is dismissed.

## I. FACTUAL BACKGROUND

Lakhani is a native and citizen of Pakistan.  (Dkt. # 15, Ex. A, at 3.)  He is married to Shereen Dawn Lakhani, a native-born United States citizen; together, they have two children.  (Dkt. # 16, at 2.)

Lakhani first came to the United States as an F-1 student on May 26, 1987.  (Dkt. # 16, at 2.)  Following a brief departure, Lakhani returned to the United States as a parolee on July 10, 1993, to pursue his application for legalization.  (Dkt. # 15, Ex. A, at 3.)  Lakhani's application for legalization was in the form of an application for temporary residence under 8 U.S.C. § 1255a.  (Dkt. # 18, Ex. G.)  On August 8, 1994, Lakhani was

1

convicted of burglary and arson in the Dane County Court in Milwaukee, Wisconsin. (Dkt. # 15, Ex. A, at 3.)

On February 19, 2002, Lakhani filed an application with the Immigration and Naturalization Service ("INS") to adjust his status to that of a lawful permanent resident. (Dkt. # 18, Ex. I.) On January 6, 2005, Lakhani withdrew his application for legalization. (Dkt. # 18, Ex. G.) Lakhani's withdrawal letter states, in relevant part, "Mr. Lakhani is no longer pursuing the application for temporary resident under [8 U.S.C. § 1255a] and is requesting that the application be withdrawn. Mr. Lakhani will be proceeding solely on the adjustment of status application filed on the basis of his marriage to a United States citizen." (Dkt. # 18, Ex. G.) The U.S. Citizenship and Immigration Services ("USCIS")—the successor to the INS on services issues—accepted Lakhani's withdrawal of his temporary residence application on February 1, 2006. (Dkt. # 18, Ex. J.)

On September 4, 2008, the USCIS denied Lakhani's application for adjustment of status because Lakhani's wife withdrew her visa petition, which she had originally filed in support of Lakhani's application to adjust his status. (Dkt. # 18, Ex. K., at 2.) An approved visa application is a requirement for eligibility to obtain adjustment of status. 8 U.S.C. § 1255(a)(2) (2006).

On September 10, 2008, the U.S. Immigration and Customs Enforcement Agency ("ICE"), a subagency of the United States Department of Homeland Security, served a Notice to Appear ("NTA") on Lakhani. (Dkt. # 15, Ex. A, at 3.) Shortly thereafter, ICE took Lakhani into custody and housed him at the Seneca County Jail in Tiffin, Ohio. (Dkt. # 1, ¶ 1; Dkt. # 15, Ex. B, at 1.) The NTA informed Lakhani that he was subject to

removal from the United States because he violated 8 U.S.C. §§ 1182(a)(7)(A)(i)(I)[1] and (a)(2)(A)(i)(I).[2]

On September 18, 2008, at Lakhani's initial hearing before the Cleveland Immigration Court, Lakhani requested a custody redetermination. (Dkt. # 15, Ex. B, at 1.) The Immigration Judge denied Lakhani's request for a custody redetermination because he found that Lakhani was an "arriving alien" under 8 C.F.R. § 1001.1(q)—therefore, the Immigration Judge did not have jurisdiction pursuant to 8 C.F.R. §§ 1003.19(h)(2)(i)(B) and 1236.1(c)(11). (Dkt. # 15, Ex. B, at 1.) Lakhani unsuccessfully appealed, arguing that the court did have jurisdiction to make a custody redetermination because he was exempt from the definition of "arriving alien." (Dkt. # 15, Ex. B, at 1.) The Immigration Judge affirmed his initial order, finding again that the court was precluded from making a custody redetermination because it lacked jurisdiction. (Dkt. # 15, Ex. B, at 2.)

On February 10, 2009, the Cleveland Immigration Court conducted a master calendar hearing, at which Lakhani denied the allegations contained in the NTA at paragraphs three, five, and six, and both charges of removability (including his burglary and arson convictions). (Dkt. # 16, at 3.) The Cleveland Immigration Court has scheduled an individual hearing on June 2, 2009, at 9:30 a.m., which will afford Lakhani

---

[1] The NTA alleges that Lakhani violated 8 U.S.C. § 1182(a)(7)(A)(i)(I) because, at the time of his application for admission, he was an immigrant who was not in possession of a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by law, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under law.

[2] The NTA alleges that Lakhani violated 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he is an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense), or an attempt of conspiracy to commit such a crime.

3

the opportunity to present evidence and arguments against the specified allegations and charges of removability. (Dkt. # 16, at 3.)

## II. PROCEDURAL HISTORY

On October 6, 2008, Lakhani filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, arguing that his continued detention without the possibility of bond violates his due process rights. (Dkt. # 1.) On January 16, 2009, Respondents filed a Motion to Dismiss Lakhani's Petition, arguing that, pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court lacks subject matter jurisdiction. (Dkt. # 15.)

## III. LAW AND ANALYSIS

As a preliminary matter, the Court must determine whether it has jurisdiction over Lakhani's Petition. Respondents claim that this Court lacks subject matter jurisdiction over Lakhani's Petition because Lakhani has failed to exhaust his available administrative remedies. (Dkt. # 15, at 5.)

### A. Subject Matter Jurisdiction—Administrative Exhaustion

Respondents claim that before the Court may exercise jurisdiction over Lakhani's Petition, Lakhani must appeal the Immigration Judge's decision to the Board of Immigration Appeals. (Dkt. # 15, at 5.) But Lakhani does not seek review of the Immigration Judge's decision. Rather, Lakhani essentially challenges the constitutionality of the statute that requires his detention during the INS proceedings and prohibits any request for a bond. See 8 U.S.C. § 1226(c) (2006).[3] Consequently, for the

---

[3] Even if, as explored in section D of this Order, Lakhani were subject only to discretionary detention under 8 U.S.C. § 1225(b)(2)(A), rather than mandatory detention under 8 U.S.C. § 1226(c), Lakhani would still not be seeking

4

following reasons, the Court finds that Lakhani need not exhaust his available administrative remedies.

As a general rule, parties must exhaust all available administrative remedies before seeking relief from the federal courts. McCarthy v. Madigan, 503 U.S. 140, 144–45 (1992), superseded by statute on other grounds, Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321, as recognized in Booth v. Churner, 532 U.S. 731, 732 (2001). "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." McCarthy, 503 U.S. at 144 (citations omitted). In the absence of a congressional mandate, the Court "must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." Id. at 146. Under the Immigration and Nationality Act, exhaustion of administrative remedies is only required for appeals of final orders of removal. 8 U.S.C. § 1252(d)(1). Since Lakhani is challenging the constitutionality of a statute, and not a final order of removal, the Court has discretion to determine whether exhaustion should be required in this case.

The Supreme Court has recognized "three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion": (1) where such a requirement may unduly prejudice the individual from subsequently asserting a court action; (2) where an administrative agency lacks the power or competence to "resolve the particular type of issue presented, such as the constitutionality

---

review of the Immigration Judge's decision; he would still essentially be challenging the constitutionality of a statute. Therefore, under either statute, administrative exhaustion is not required.

5

of a statute"; and (3) where requiring administrative exhaustion would be futile because the "administrative body is shown to be biased or has otherwise predetermined the issue before it." McCarthy, 503 U.S. at 146–48.

While administrative agencies may consider constitutional claims, they lack the authority to "deal with them dispositively; the final say on constitutional matters rests with the courts." Singh v. Reno, 182 F.3d 504, 510 (7th Cir. 1999) (citing Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994)); See also McCarthy, 503 U.S. at 147–48. The Board of Immigration Appeals lacks authority to determine the constitutionality of the mandatory detention provisions of 8 U.S.C. § 1226(c). See In re Joseph, 22 I. & N. Dec. 660, 665 (BIA 1999) ("We note that it is not within the purview of this Board to pass upon the constitutionality of the mandatory detention provision in [§ 1226(c)] . . . .").

Consequently, it would be futile to require Lakhani to pursue ineffective administrative relief. See e.g., Shurney v. INS, 201 F. Supp. 2d 783, 788–89 (N.D. Ohio 2001). The Court, therefore, has jurisdiction to review Lakhani's habeas Petition on the merits.

### D. Lakhani's Due Process Claim

Lakhani claims that his continued detention, without the opportunity for a bond hearing before an immigration judge, violates the Due Process Clause of the Fifth Amendment. (Dkt. # 1, ¶ 18.) The Due Process Clause of the Fifth Amendment to the United States Constitution guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is well

established that "Freedom from imprisonment . . . lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

The due process protections of the Fifth Amendment extend, not just to American citizens, but to "all persons within the territory of the United States . . . and . . . aliens shall not be . . . deprived of life, liberty, or property without due process of law." Wong Wing v. United States, 163 U.S. 228, 238 (1896); see also Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, temporary, or permanent."); Plyer v. Doe, 457 U.S. 202, 211 (1982) ("Aliens . . . have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments."). Thus, Lakhani is entitled to the same due process protections as citizens of the United States.

There is some confusion as to whether Lakhani is subject to *mandatory* detention, pursuant to 8 U.S.C. § 1226(c), or *discretionary* detention, pursuant to 8 U.S.C. § 1225(b)(2)(A).[4] It appears to the Court that, based upon Lakhani's moral turpitude convictions—i.e., burglary and arson—he is subject to mandatory detention under § 1226(c). For the following reasons, under § 1226(c) Lakhani's continued mandatory detention is not unconstitutional. And, even if Lakhani were subject only to discretionary detention, for the reasons that follow, the Court would lack the authority to review the government's discretionary decision to continue Lakhani's detention. Therefore, under either provision, Lakhani's Petition would be dismissed.

---

[4] In their Motion to Dismiss, Respondents claim that Lakhani is subject to mandatory detention under § 1226(c). (Dkt. # 15, at 5.) However, in their Reply Brief, Respondents claim that Lakhani is subject to discretionary detention under § 1225(b)(2)(A). (Dkt. # 18, at 2.)

7

**1. § 1226(c)**

In their Motion to Dismiss, Respondents claims that ICE is required to detain Lakhani pursuant to 8 U.S.C. § 1226(c). (Dkt. # 15, at 5.) Under § 1226(c), the government is required to "take into custody any alien who is inadmissible by reasons of having committed any offense covered in [8 U.S.C. § 1182(a)(2)]," which includes crimes involving moral turpitude. In Lakhani's NTA, the government explicitly alleges that he is subject to removal, in part, because he was convicted of crimes involving moral turpitude—i.e., burglary and arson. Indeed, the Board of Immigration Appeals has held that burglary and arson are crimes of moral turpitude. See In re Phong Nguyen Tran, 21 I. & N. Dec. 291, 294 (BIA 1996) (holding that burglary is a crime of moral turpitude); In re S, 3 I. & N. Dec. 617, 618 (BIA 1949) (holding that arson is a crime of moral turpitude). Consequently, Lakhani is subject to mandatory detention under § 1226(c).

In Denmore v. Kim, 538 U.S. 510 (2003), the Supreme Court addressed the legality of an alien's detention under 8 U.S.C. § 1226(c). Kim, a lawful permanent resident alien, argued that the Government may not detain him even for the brief period necessary for his removal proceedings. Id. at 522. Relying on Zadvydas, Kim argued that § 1226(c) is unconstitutional on its face. Id. at 526. The Court held that Zadvydas was not controlling and that a brief detention under § 1226(c) does not violate due process.

In finding that a brief detention under § 1226(c) does not violate due process, the Court emphasized that detentions under § 1226(c) are usually relatively brief. Id. at 528–29 (typically less than four months; oftentimes less than ninety days). "[B]ut [the Court]

8

did not specifically hold that any particular length of time in a specific case would be unreasonable or unconstitutional." Hoang Minh Ly, 351 F.3d 263, 270 (6th Cir. 2003). In the instant matter, ICE has detained Lakhani for approximately seven months, beginning on or about September 8, 2008. (Dkt. # 1, ¶ 1.) The seven-month period includes a brief hiatus during which Lakhani was transferred to the Medina County Jail to face criminal charges before the Medina Municipal Court. (Dkt. # 15, at 4.)

At this point, Lakhani's seven-month detention period does not constitute an "unreasonable delay." Denmore, 538 U.S. at 532 (Kennedy, J., concurring). Justice Kennedy, in his concurrence in Denmore, suggested that there was a point at which a mandatory detention under § 1226(c) becomes "unreasonable or unjustified." Id. at 532–33 ("Were there to be an unreasonable delay . . . it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons."). The majority in Denmore emphasized that the constitutionality of confinement under § 1226(c) is conditioned on that confinement being temporary and brief. See e.g., 538 U.S. at 528–29.

Here, the Cleveland Immigration Court conducted a master calendar hearing on February 10, 2009, at which Lakhani denied the allegations contained in the NTA at paragraphs three, five, and six, and both charges of removability (including his burglary and arson convictions). (Dkt. # 16, at 3.) The Cleveland Immigration Court has scheduled an individual hearing on June 2, 2009, at 9:30 a.m., which will afford Lakhani the opportunity to present evidence and arguments against the specified allegations and

charges of removability. (Dkt. # 16, at 3.) Thus, at this point, the Court finds that Lakhani's continued mandatory detention under § 1226(c) is not unconstitutional.

### 2. § 1225(b)(2)(A)

In their Reply Brief (Dkt. # 18), Respondents claim that Lakhani is being held pursuant to 8 U.S.C. § 1225(b)(2)(A), not § 1226(c) as originally claimed in their Motion to Dismiss (Dkt. # 15, at 5). As previously discussed, it appears to the Court that Lakhani is subject to mandatory detention under § 1226(c) due to his arson and burglary convictions. However, even if Lakhani were subject only to discretionary detention under 8 U.S.C. §§ 1225(b)(2)(A) and 1182(d)(5)(A), the Court would still dismiss Lakhani's Petition because, for the following reasons, the Court lacks the authority to review the government's discretionary decision to continue Lakhani's detention.

Section 1225(b)(2)(A) states, "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding under [8 U.S.C. § 1229a]." Pursuant to 8 U.S.C. § 1182(d)(5)(A), the Attorney General may release an arriving alien from detention by granting parole. The decision of whether to grant parole is discretionary. See § 1182(d)(5)(A) ("The Attorney General may . . . *in his discretion* parole into the United States temporarily . . . any alien applying for admission to the United States . . . .") (emphasis added). Moreover, because the parole decision is discretionary, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), the Court lacks authority to review the government's decision to continue Lakhani's detention. See § 1252(a)(2)(B)(ii) ("[n]o court shall have

jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 U.S.C. §§ 1151 et seq.] to be in the discretion of the of the Attorney General or the Secretary of Homeland Security."); See also, CDI Info. Servs. v. Reno, 278 F.3d 616, 619–620 (6th Cir. 2002).  Thus, even if Lakhani were subject to discretionary rather than mandatory detention, the Court would, nonetheless, dismiss his Petition for lack jurisdiction.

## IV. CONCLUSION

For the forgoing reasons, Respondents' Motion to Dismiss (Dkt. # 15) is hereby **GRANTED** and Lakhani's Petition for the Writ of Habeas Corpus (Dkt. # 1) is **DISMISSED**.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – March 24, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**
