# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ALKARIM PIRBHAI LAKHANI,** | ) | **CASE NO. 1:08 CV 2355** |
| | ) | |
| Petitioner, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **MIKE O'LEARY, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |
| | ) | |

The instant matter is before the Court on remand from the Sixth Circuit Court of Appeals. On March 25, 2009, this Court granted Respondents' Motion to Dismiss Petitioner Alkarim Pirbhai Lakhani's ("Lakhani" or "Petitioner") 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus. (Dkt. # 20). Petitioner appealed, and on October 22, 2009, the Sixth Circuit granted Petitioner's Motion to Remand. (Dkt. # 24).

On November 19, 2009, Petitioner filed a brief in support of his § 2241 petition ("Brief in Support"). (Dkt. # 25). On January 7, 2010, Petitioner filed a Motion for Summary Judgment. (Dkt. # 27). On February 8, 2010, Respondents filed a Motion to Dismiss Petitioner's petition and in Opposition to Petitioner's Motion for Summary Judgment ("Motion to Dismiss"). (Dkt. # 29). Petitioner filed a Response to Respondents' Motion to Dismiss on February 24, 2010. (Dkt. # 30). Additionally, there have been various other filings in the instant matter, including a Supplemental Brief filed by Petitioner on January 25, 2010, (Dkt. # 28), a Memorandum of Additional Points and

1

Authorities ("Memorandum of Points and Authorities") filed by Petitioner on March 24, 2010, (Dkt. # 32), and a Response to the Memorandum of Points and Authorities filed by Respondents on April 14, 2010, (Dkt. # 33).

For the following reasons, Respondents' Motion to Dismiss is **DENIED** and Petitioner's § 2241 habeas petition is **GRANTED**.

# I. BACKGROUND

### A. Factual Background

Lakhani, a citizen of Pakistan, first entered the United States in 1987 as an F-1 student. (Dkt. # 16 at 2). He briefly left the United States, but reentered as a parolee in 1993 to pursue an application for legalization in the form of an application for temporary residence. (Dkt. # 29-3). In 1994, Lakhani was convicted of burglary and arson in the Dane County Court in Wisconsin. (Dkt. # 15-2 at 3).

In 2002, Lakhani filed an application to adjust his status to a lawful permanent residence on the basis of his marriage to an American citizen, Shereen Dawn Lakhani ("Mrs. Lakhani"). (Dkt. # 29-6). Subsequently, Lakhani withdrew his original legalization application for temporary residence and proceeded solely for legalization on the adjustment of status petition. (Dkt. # 29-4). After filing for divorce on September 3, 2008, Mrs. Lakhani withdrew the visa petition that she had filed in support of Lakhani's petition. As a result, on September 4, 2008, Lakhani's petition for an adjustment of status was denied. (Dkt. # 27-1). Immigration and Customs Enforcement ("ICE") took Lakhani into custody and on September 10, 2008, began removal proceedings because Lakhani: (1) was an alien who, at the time of his application for admission, was an

2

immigrant who did not possess a valid entry document under the Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) (codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I)); and (2) was an alien who had been convicted of, or who admitted committing, a crime of moral turpitude under INA § 212(a)(2)(A)(i)(I) (codified at 8 U.S.C. § 1182(a)(2)(A)(i)(I)). (Dkt. # 24 at 1-2).

At an initial hearing, the Immigration Judge ("IJ") denied Lakhani's request for a custody redetermination on the basis that he was an arriving alien and was, therefore, ineligible. (Dkt. # 29-9). On December 17, 2009, after a removal hearing, the IJ issued an order of removal and denied Lakhani relief under the cancellation of removal provision of the INA (8 U.S.C. § 1229b(b)(1)) and the battered spouse provision of the INA (8 U.S.C. § 1229b(b)(2)). (Dkt. # 29-12). Lakhani's appeal from the order of removal is currently pending before the Board of Immigration Appeals ("BIA").

### B. Procedural Background

On October 6, 2008, Petitioner first filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that his continued mandatory detention without the opportunity for a bond hearing violated the Due Process Clause of the Fifth Amendment. (Dkt. # 1, ¶ 18). On January 16, 2009, Respondents filed a Motion to Dismiss, alleging that Petitioner's claim was moot, and that he had not exhausted his administrative remedies. (Dkt. # 15-1 at 5). This Court granted Respondents' Motion to Dismiss on March 27, 2009, finding that Petitioner's detention did not violate the Due Process Clause because his convictions subjected him to mandatory detention under 8 U.S.C. § 1226(c) and under that provision his seven month

detention without bond was not unreasonable. (Dkt. # 20 at 8-10). On May 26, 2009, after an appeal had been filed in the Sixth Circuit, a Wisconsin court vacated Petitioner's convictions. (Dkt. # 24 at 2). On October 22, 2009, because his convictions had been vacated, the Sixth Circuit granted Petitioner's Motion to Remand to this Court for a determination of whether his detention violates the Due Process Clause.[1]

## II. LAW AND ANALYSIS

Petitioner argues in his Brief in Support, and repeats in his Motion for Summary Judgment, that he is a battered spouse eligible for self-petition under the Violence Against Women Act ("VAWA"), and that he was subjected to unfair treatment in the Seneca jail. (Dkts. # 25, 27). Petitioner also claims in his Memorandum of Points and Authorities that his detention under § 1226 has become indefinite, and therefore unconstitutional under Zadvydas v. Davis, 533 U.S. 678 (2001). (Dkt. # 32). In their Motion to Dismiss and Response to Petitioner's Memorandum, Respondents maintain that Petitioner is an "arriving alien," and thus his detention is discretionary under 8 U.S.C. § 1225(b)(2)(A) and 8 U.S.C. § 1182(d)(5)(A) and unreviewable by this Court under 8 U.S.C. § 1252(a). (Dkts. # 29, 33). Respondents also claim that Petitioner "has no constitutional right regarding his release from detention." (Dkt. # 33 at 1-2).

### A. Jurisdiction

Respondents argue that this Court does not have subject matter jurisdiction over Petitioner's § 2241 petition. Thus, the Court must first resolve the issue of jurisdiction.

---

[1] The Sixth Circuit directed this Court to revisit whether Petitioner's mandatory detention violates the Due Process Clause, (Dkt. # 24), but because Respondents argue that Petitioner is subject to discretionary detention, this Court will determine whether Petitioner's detention is constitutional under either mandatory or discretionary detention.

Section 2241 grants district courts the power to grant habeas corpus relief where the petitioner is in custody in violation of the Constitution or law or treaties of the United States.  28 U.S.C. § 2241; Uritsky v. Ridge, 286 F. Supp. 2d 842, 843 (E.D. Mich. 2003).  "An individual in federal custody pending removal may challenge the constitutionality of his confinement pursuant to 28 U.S.C. § 2241."  American-Arab Anti-Discrimination Comm. v. Ashcroft, 272 F. Supp. 2d 650, 659 (E.D. Mich. 2003) (citing INS v. St. Cyr, 533 U.S. 289, 312 n.35 (2001)).

The INA, as modified by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), contains several provisions limiting the jurisdiction of the courts.  However, courts have almost uniformly held that habeas corpus review under § 2241 is not eliminated by either AEDPA or the IIRIRA.  Pak v. Reno, 196 F.3d 666, 673 (6th Cir. 1999).

Respondents argue in the instant Motion to Dismiss that the decision to detain Petitioner was in the discretion of the Attorney General pursuant to § 1225(b)(2)(A) and § 1182(d)(5)(A), and therefore under § 1252(a) this Court has no jurisdiction to review the decision.  (Dkt. # 29-1 at 2).  In support of their assertion, Respondents cite cases which state that discretionary decisions are unreviewable by the court.  See CDI Info. Servs., Inc. v. Reno, 278 F.3d 616, 619 (6th Cir. 2002); Khan v. Attorney Gen. of U.S., 448 F.3d 226, 231 (3d Cir. 2006).  (Dkt. # 33 at 1).  However, Respondents fail to distinguish the authority of the court to review discretionary statutory decisions and the authority of the court to review the constitutionality of Petitioner's detention.  Because

5

Petitioner argues that he is being detained in violation of the Due Process Clause, his claim is reviewable by this Court in a § 2241 petition.

Respondents argue that § 1252(a) bars the court from hearing any discretionary decision made by the Attorney General. 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252(a)(2)(B)(ii) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including 28 U.S.C. § 2241, or any other habeas corpus provision, . . . no court shall have jurisdiction to review—any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security.

8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, Respondents argue that since the rescission of Petitioner's parole was a discretionary decision under § 1182(d)(5)(A), this court has no jurisdiction to review that decision. However, in Zadvydas, the Supreme Court held that § 1252(a)(2)(B)(ii) does not bar a court from hearing a § 2241 petition challenging the constitutionality of a petitioner's detention. Zadvydas, 533 U.S. at 688.

Two other provisions, 8 U.S.C. § 1252(g) and 8 U.S.C. § 1226(e), also limit the jurisdiction of a court's review of immigration decisions. However, similar to § 1252(a), neither of these provisions has been held to limit the power of the courts to hear constitutional challenges to detention. In Hoang Minh Ly v. Hansen, 351 F.3d 263 (6th Cir. 2003), the Sixth Circuit held that § 1252(g) did not divest the court of jurisdiction to consider habeas claims challenging immigration detention. Id. at 266. See also Duong v. INS, 118 F. Supp. 2d 1059, 1062 (S.D. Cal. 2000) (holding that § 1252(g) should not be read to bar the court's jurisdiction to hear a claim of indefinite detention on constitutional

6

principles). Similarly, § 1226(e), which also prohibits judicial review of discretionary decisions by the Attorney General, does not bar district courts from retaining jurisdiction over petitioners seeking habeas corpus relief pursuant to § 2241. Shurney v. INS, No. 01-1906, 2001 U.S. Dist. LEXIS 25893, at *7 (N.D. Ohio Nov. 9, 2001); Abed Mosa Baidas v. Jennings, 123 F. Supp. 2d 1052, 1055-56 (E.D. Mich. 2000).

Therefore, habeas relief is unquestionably available for constitutional questions in the context of immigration. Additionally, because § 2241 explicitly states that habeas review extends to any person "in custody in violation of the Constitution or **laws** of the United States," habeas review is not limited to constitutional claims. Pak, 196 F.3d at 674. The jurisdiction-limiting provisions of AEDPA and the IIRIRA only limit the jurisdiction of courts to review "purely discretionary . . . decisions made by the executive branch that do not involve violations of the Constitution or federal law." Gutierrez-Chavez v. INS, 298 F.3d 824, 827 (9th Cir. 2002).

Accordingly, the Court has jurisdiction to review Petitioner's § 2241 habeas corpus petition to the extent that it raises constitutional issues. However, the Court may not review Petitioner's claim that his petition under the VAWA must be allowed, as that question goes to the merits of his removal, which is not before this Court. Additionally, Petitioner's claims of unfair treatment in the Seneca jail are moot, as Petitioner has been transferred to the Buffalo Federal Detention Facility in Batavia, New York. Jurisdiction in the instant matter exists solely to consider whether Petitioner is being detained in violation of the Constitution or laws of the United States.

**B. Excludable Aliens**

Respondents argue that because Petitioner is an "excludable and arriving alien," he "has no constitutional right regarding his release from detention." (Dkt. # 33 at 2) (citing Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 216 (1953)). The IIRIRA, which modified portions of the INA, replaced the categories of "excludable" aliens and "deportable" aliens with a single category of "inadmissible" aliens, and also replaced the definition of an "entry" with that of an "admission." See Ibragimov v. Gonzales, 476 F.3d 125 (2d Cir. 2007). "'Inadmissible' aliens, therefore, include aliens who have not entered the United States (formerly excludable) and those who have entered illegally (formerly deportable)." Rosales-Garcia v. Holland, 322 F.3d 386, 391 n.1 (6th Cir. 2003) (en banc) (citing 8 U.S.C. § 1182(a)(6) (2000)).

Respondents argue that Petitioner is an "arriving alien" who has not been admitted into the United States pursuant to § 1225. Section 1225(a) states that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this Act an applicant for admission." 8 U.S.C. § 1225(a)(1). As mentioned above, the Attorney General's classification of Petitioner as an arriving alien is not properly before this Court. However, his status as an arriving alien does not deprive him of a constitutional right to due process. See Rosales-Garcia, 322 F.3d at 409.

In Zadvydas, the Supreme Court recognized that there is a distinction between an alien who has effected an entry into the United States and one who has never entered. Zadvydas, 533 U.S. at 693. However, that distinction does not apply "to deprive aliens

8

living in the United States of their status as 'persons' for purposes of constitutional due process." Rosales-Garcia, 322 F.3d at 409. Excludable aliens, like all aliens, are clearly protected by the Due Process Clause. Id. Therefore, even assuming the IJ was correct in classifying Petitioner as an arriving alien, he is nonetheless entitled to due process protections.

### C. Source of Petitioner's Detention

Before deciding whether Petitioner's detention violates the Due Process Clause, this Court must determine under which statute Petitioner is being detained. The Sixth Circuit, in their remand order to this Court, stated:

> While the 8 U.S.C. § 1182(a)(7) offense might arguable qualify for discretionary detention under § 1226(a), the 8 U.S.C. § 1182(a)(2) offense clearly falls under § 1226(c). Because the ICE documents do not explain which offense justifies detention under which part of 8 U.S.C. § 1226, and the Notice of Custody Determination states that the INA "prohibits your release from custody," it appears that Lakhani's detention was under the § 1226(c) mandatory-detention provision alone. Respondent argues Lakhani's detention was under the *discretionary* detention provisions of 8 U.S.C. § 1182(d)(5)(A) and 8 U.S.C. § 1225(b)(2)(A), making judicial review prohibited under 8 U.S.C. § 1252(a)(2)(B)(ii). However, because the ICE documents state INA § 236 as the legal grounds for detention, this argument raising other provisions is unavailing. Although the court notes that §1226(e) does prohibit judicial review of "the Attorney General's discretionary judgment regarding the application of this section," including § 1226(a), § 1226(c) detention is not discretionary and Respondent has not argued that Lakhani is detained under § 1226(a) discretionary detention.

(Dkt. # 24 at 3 n.3). The Sixth Circuit then remanded for the district court to "revisit its reasoning concerning whether [Petitioner's] *mandatory* detention violates the Due Process Clause." (Dkt. # 24 at 4) (emphasis added). Even though the Sixth Circuit

9

instructed this Court to determine whether Petitioner's mandatory detention violates the Due Process Clause, Respondents have conceded that Petitioner cannot be held under the mandatory detention provision, § 1226(c), because his Wisconsin convictions have been vacated. (Dkt. # 29-1 at 5-6).[2]

Respondents, while agreeing that Petitioner cannot be held under § 1226(c), argue that his detention is nevertheless valid under § 1225(b)(2)(A) and § 1182(d)(5)(A). (Dkt. # 29-1 at 6). However, the Sixth Circuit clearly stated that Respondents are foreclosed from arguing that Petitioner is being detained under § 1225 because the ICE documents state § 1226 as the legal ground for detention. Respondents support their argument that Petitioner is held under § 1225(b)(2)(A) with a Memorandum to File dated February 4, 2010, which states that even though the convictions were vacated, "[Petitioner] will remain in detention under [§ 1225(b)(2)(A)] as an arriving alien who is not clearly and beyond a reasonable doubt entitled to be admitted." (Dkt. # 29-11 at 2). However, Respondents' retroactive justification for Petitioner's detention four months after the Sixth Circuit held their argument under that provision to be unavailing is unpersuasive.

The last possible provision under which Petitioner could be detained is § 1226(a), which provides for discretionary detention for aliens awaiting a decision of removal. The Sixth Circuit noted that "the § 1182(a)(7) offense might arguably qualify for discretionary detention under § 1226(a)." (Dkt. # 24 at 3 n.3). However, the Circuit

---

[2] It appears that § 1226(c) is inapplicable to Petitioner also because he was not taken into custody immediately after serving his sentences for his state court convictions. See Khodr v. Adduci, No. 10-CV-10505, 2010 U.S. Dist. LEXIS 22754, at *12-*13 (E.D. Mich. March 11, 2010) (finding that § 1226(c) "clearly and unambiguously requires that the Attorney General take the alien into custody immediately upon the alien's release from criminal custody"); Waffi v. Loiselle, 527 F. Supp. 2d 480, 488 (E.D. Va. 2007) (determining that § 1226(c) does not apply when the alien was taken into custody "well over a month after his release from state custody").

Court also noted that "Respondent has not argued that [Petitioner] is detained under § 1226(a) discretionary detention."  (Dkt. # 24 at 3 n.3).  Respondents have not argued that Petitioner is being detained under § 1226(a) in any of their briefing since the Sixth Circuit remanded the instant matter to this Court.  This Court will nonetheless analyze whether the detention is constitutional under that section because it is the only section under which Petitioner can arguably be detained.

### D. Due Process

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  The Due Process protections of the Fifth Amendment extend, not just to American citizens, but to all persons within the territory of the United States, including aliens.  Wong Wing v. United States, 163 U.S. 228, 238 (1896).

The Due Process Clause includes two types of protections, substantive due process and procedural due process.  Substantive due process prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty."  United States v. Salerno, 481 U.S. 739, 746 (1987); Rosales-Garcia, 322 F.3d at 410-11.  It is well established that "freedom from imprisonment . . . lies at the heart of the liberty that Clause protects."  Zadvydas, 533 U.S. at 690.  Because even aliens have a fundamental liberty interest in being free from physical restraint, the government must show a compelling state interest in infringing that interest.  Danesh v.

11

Jenifer, No. 00-CV-74409-DT, 2001 U.S. Dist. LEXIS 6762, at *17 (E.D. Mich. March 27, 2001).

The Supreme Court in Zadvydas held that indefinitely detaining an alien pending removal when removal was no longer foreseeable violated substantive due process, and therefore found the detention statute to contain a "reasonable limitation" period of six months. Zadvydas, 533 U.S. at 699. The Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), on the other hand, held that "detention [pursuant to § 1226(c)] during removal proceedings is a constitutionally permissible part of that process." Id. at 531. Both Zadyvdas and Demore require that the detention further the regulatory goals of the statute of "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." Zadvydas, 533 U.S. at 690.

Procedural due process prevents the government from depriving a person of liberty without the proper procedures. To determine what process is properly due, a court should consider: (1) the private interest affected by the government action; (2) the risk of an erroneous deprivation of liberty; and (3) the government's interest in maintaining the current procedures. Mathews v. Eldridge, 424 U.S. 319, 335 (1976); Shurney, 2001 U.S. Dist. LEXIS, at *17.

### a. Procedural Due Process

Even if "government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner." Salerno, 481 U.S. at 746; Rosales-Garcia, 322 F.3d at 410-11. This requirement has traditionally been referred to as procedural due process.

Each statute authorizing detention, including § 1226(a) and § 1226(c), carries its own procedural protections. This Court must determine whether those procedures were applied in a fair manner so as to satisfy procedural due process. In the instant matter, they were not.

Detention of an alien pending a decision on whether he is to be removed from the United States is governed by 8 U.S.C. § 1226. Under § 1226(a), "in the case of non-criminal aliens subject to removal proceedings, the Attorney General retains discretion to decide whether they should be detained, released on bond, or released on conditional parole." Agyeman v. INS, 74 F. App'x 691, 693 (9th Cir. 2003). That discretion is generally exercised in the form of an individualized bond hearing. See Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009) (finding that "§ 1226(a) provides for individualized detention determinations"); Casas-Castrillon v. DHS, 535 F.3d 942, 946 (9th Cir. 2008) (recognizing that non-criminal aliens being detained by § 1226(a) are given a bond hearing before an IJ). Once the Attorney General exercises his discretion as to whether the alien who be detained or released, the "alien may seek review of this decision by an Immigration Judge." Pisciotta v. Ashcroft, 311 F. Supp. 2d 445, 449 (D.N.J. 2004); Zavala v. Ridge, 310 F. Supp. 2d 1071, 1074 (N.D. Cal. 2004). Therefore, if Petitioner is held under § 1226(a), he is entitled to a proper custody determination assessing his dangerousness and risk of flight and review of that determination by an IJ. Because Petitioner was not granted a custody redetermination, or a bond hearing, or any other hearing finding him to be a flight risk or a danger to the community, his procedural due process rights have been violated.

Even if Petitioner were still being detained under § 1226(c), his detention without a bond hearing would not comply with procedural due process.[3] Section 1226(c), which provides for mandatory detention of certain criminal aliens, does not provide procedural protections, such as a bond hearing or any assessment of dangerousness.[4] However, any alien who claims not to be subject to detention under § 1226(c) must be immediately provided a "Joseph hearing," in order to determine the applicability of the mandatory detention provision. Gonzalez v. O'Connell, 355 F.3d 1010, 1013 (7th Cir. 2004) (citing In re Joseph, 22 I. & N. Dec. 799 (B.I.A. 1999)). Section 1226(c)(2) provides that the Attorney General may only release an alien in certain circumstances, and that the alien must show that he will not pose a danger or flee. 8 U.S.C. § 1226(c)(2).

The Sixth Circuit has found that a criminal alien subject to mandatory detention must still be given an individualized hearing, if warranted by the circumstances. Hansen, 351 F.3d at 267-68. A hearing is warranted if the process takes an unreasonably long time or in the case of unreasonable delay by the INS. Id. at 268; Uritsky, 286 F. Supp. 2d at 846. Therefore, a lengthy detention during pre-removal proceedings is not *per se* unconstitutional, but the government must be able to justify the deprivation of liberty. Diomande v. Wrona, No. 05-73290, 2005 U.S. Dist. LEXIS 33795, at *6-*7 (E.D. Mich. Dec. 12, 2005).

---

[3] Analysis of Petitioner's detention under § 1226(c) is unnecessary because Respondents have conceded that Petitioner is not being detained under the mandatory detention provision. The Court will nevertheless analyze the constitutionality of his detention under that provision because the Sixth Circuit directed this Court to revisit whether Petitioner's mandatory detention violates the Due Process Clause.

[4] 8 C.F.R. § 1003.19(h)(2)(i), which states that an IJ may not redetermine the conditions of custody in certain circumstances, includes both arriving aliens and criminal aliens detained under § 1226(c). 8 C.F.R. § 1003.19(h)(2)(i)(B), (D). Therefore, the analysis of whether Petitioner's detention without bond would be unconstitutional despite the fact that the statute does not provide for a bond hearing would be same whether he is an arriving alien detained under § 1225(b) or a criminal alien detained under § 1226(c).

A court should look to five factors which suggest unreasonable delay, including: (1) the overall length of detention; (2) whether the civil detention is for a longer period than the criminal sentence for the crimes resulting in the deportable status; (3) whether actual removal is reasonably foreseeable; (4) whether the immigration authority acted promptly to advance its interests; and (5) whether the petitioner engaged in dilatory tactics in the Immigration Court. Hansen, 351 F.3d at 271-72.

Based upon these factors, a hearing is warranted by the circumstances even if Petitioner's detention is pursuant to § 1226(c). The first factor, the overall length of detention, weighs in favor of finding a due process violation. Petitioner has been detained since September 2008, a period of 23 months. This is longer than detentions in several other cases in which the court found the detention to be unreasonable. See Hansen, 352 F.3d at 271 (finding 18 month detention to be unreasonable); Uritsky, 286 F. Supp. 2d at 846-47 (finding 11-12 month detention unreasonable); Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 472 (D. Mass. 2010) (finding a 22 month delay "well within the range considered unreasonable by other courts").

The second factor, whether the civil detention is longer than the criminal sentence for the crimes resulting in the deportable status, also favors Petitioner. Petitioner was originally sentenced to two months and nine months on his convictions, which were subsequently vacated. His 23-month detention is much longer than the sentences for the crimes for which he was convicted. See Hansen, 352 F.3d at 271 (finding "the fact that his criminal sentences were shorter than the length of time spent in INS custody" to be important factor in finding detention to be unconstitutional). Further, because

15

Petitioner's convictions were eventually vacated, his detention without bond is all the more egregious.

The third factor, whether actual removal is reasonably foreseeable, favors neither party. If Petitioner eventually obtains a final order of removal, his removal will be foreseeable. However, at least one court found the petitioner's removal to not be reasonably foreseeable when his final order of removal was pending in the BIA. Flores-Powell, 677 F. Supp. 2d at 472.

The fourth factor, whether the government acted promptly to advance its interests, weighs against finding a due process violation. Although the government requested one extension of time, (Dkt. # 26), the government has not engaged in delay tactics and has acted promptly.

The fifth factor, whether the petitioner engaged in dilatory tactics in the Immigration Court, favors Petitioner. Petitioner has not engaged in dilatory tactics; he has only vigorously argued his entitlement to stay in the United States by appealing the order of removal to the BIA and filing the instant § 2241 petition, which he has appealed to the Sixth Circuit once already. In Hansen, the Sixth Circuit held that "the time taken for appeals and petitions for relief do not take away from the unconstitutionality of the detention." Hansen, 351 F.3d at 272. Another court found a three year detention to be unconstitutional, despite the fact that petitioner had "contributed to the length of time it has taken to adjudicate his challenges" to removal. Madrane v. Hogan, 520 F. Supp. 2d 654, 666-67 (M.D. Pa. 2007).

16

Thus, the balance of factors weigh in favor of Petitioner. Petitioner is entitled to an individual hearing whether he is being detained by § 1226(a) or § 1226(c). If an individualized hearing is mandated under § 1226(a), or § 1226(c), that hearing must actually assess the alien's dangerousness to the community and risk of flight. A perfunctory file review is insufficient to satisfy due process. Casas-Castrillon, 535 F.3d at 951; see also Alaka v. Elwood, 225 F. Supp. 2d 547, 559 (E.D. Pa. 2002) (finding that due process is not satisfied "by rubber stamp denials of release based on cursory review of an alien's file"). Superficial review relying on previous criminal history or "temporally distant offenses" and removal status to summarily conclude detention is necessary does not satisfy due process. Ngo v. INS, 192 F.3d 390, 398-99 (3d Cir. 1999); Duong v. INS, 118 F. Supp. 2d 1059, 1067 (S.D. Cal. 2000).

### b. Substantive Due Process

Because this Court concludes that Petitioner's detention violates the Procedural Due Process Clause, it is unnecessary to decide whether Petitioner's detention also violates substantive due process.

## III. CONCLUSION

As stated above, Petitioner cannot be detained under § 1225(b)(2)(A) or § 1226(c). Petitioner's detention under § 1225(b)(2)(A) is invalid because the Sixth Circuit foreclosed the government from arguing that provision as a basis for detention in their Order remanding the instant matter to this Court. Detention under § 1226(c) cannot be maintained because Petitioner's convictions have been vacated, and because the government conceded that he cannot be detained under that statute.

Even if § 1226(a) could have justified Petitioner's detention, his continued detention is unconstitutional, as Petitioner has not been provided with a custody redetermination or a bond hearing.  Finally, even if Petitioner were still being detained under § 1226(c), an individualized hearing would be required because of the unreasonable delay in the removal process.

For the foregoing reasons, Respondents' Motion to Dismiss (Dkt. # 29) is hereby **DENIED** and Lakhani's Petition for the Writ of Habeas Corpus (Dkt. # 1) is **GRANTED**.  Petitioner's Motion for Summary Judgment (Dkt. # 27) will be dismissed as moot.  The instant matter is remanded to the Immigration Court to grant Petitioner an individualized bond hearing within 30 days of this order.  If a hearing is not granted within 30 days, Respondents shall release Petitioner from custody.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – August 16, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**