# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ALKARIM PIRBHAI LAKHANI,** | ) | **CASE NO. 1:08 CV 2355** |
| | ) | |
| Petitioner, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **MIKE O'LEARY, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |
| | ) | |

The instant matter is before the Court on the Motion of Respondents Michael O'Leary and Michael B. Mukasey ("Respondents" or "the Federal Respondents") to Alter or Amend Judgment and Motion to Stay Execution of Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. # 40). On September 3, 2010, Petitioner filed a response. (Dkt. # 42). On September 10, 2010, Respondents filed a Notice of Intent to Remove, stating that U.S. Immigration and Customs Enforcement ("ICE") intended to remove Petitioner within 30 days, which would have made moot the Court's August 16, 2010, Order, as well as Respondents' Motion to Alter or Amend Judgment/Motion to Stay Execution of Judgment. (Dkt. # 43). On September 15, 2010, Respondents filed a Second Motion to Stay Execution of Judgment, in which they renewed their earlier motion (Dkt. # 40) based upon Petitioner's failure to cooperate with ICE authorities in effecting his removal on September 14, 2010. (Dkt. # 44).

1

Additionally, the Federal Respondents have filed a Motion to Correct the Court Docket.  (Dkt. # 45).  The Federal Respondents request that the docket be amended to reflect that Assistant United States Attorney Kathleen L. Midian represents only Federal Respondents Michael O'Leary and Michael B. Mukasey.  Ms. Midian does not represent Respondent Thomas Steyer.  Further, the Federal Respondents assert that through filing errors on their part, docket entries # 29, 36, 40, and 43, incorrectly state that they were filed on behalf of Steyer.  The Federal Respondents thus request that the docket be amended to correct these errors.  It will be so ordered.

With respect to the Motion to Alter of Amend Judgment, Respondents argue that Petitioner's detention is lawful because Petitioner is no longer being detained pursuant to § 1226.  Rather, they argue, because his order of removal is now administratively final, Petitioner is being detained pursuant to 8 U.S.C. § 1231.  Petitioner's order of removal is administratively final because during the pendency of this action, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's ("IJ") removal order.  (Dkt. # 40-1).

The statutory scheme governing the detention of aliens in removal proceedings is not static; rather, the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and judicial review.  <u>Casas-Castrillon v. DHS</u>, 535 F.3d 943, 945-46 (9th Cir. 2008).  Once an alien has received a final order of removal, detention is governed by 8 U.S.C. § 1231, providing for detention pending removal, which shall occur within 90 days.  8 U.S.C. § 1231(a)(1)(A), (a)(2).  The 90-day removal period begins either: (i) the date the order of removal becomes

administratively final, or (ii) if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order, or (iii) if the alien is detained or confined, the date the alien is released from detention. 8 U.S.C. § 1231 (a)(1)(B).

In the instant matter, Petitioner's removal became administratively final on June 29, 2010, when the BIA affirmed Petitioner's order of removal. While Petitioner has requested a stay of removal from the Sixth Circuit, (Dkt. # 40-2), because the Sixth Circuit denied Petitioner a stay of removal, § 1231(a)(1)(B)(ii) does not apply. See Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006) (finding that § 1231 (a)(1)(B)(ii) only applies to those cases in which a court has issued a stay of removal). Therefore, the 90-day period within which Petitioner must be removed began on June 29, 2010.

Detention past the removal period may only be continued upon a finding that the alien is a risk to the community or would be unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The procedures applicable once a removal order has been issued are set forth in 8 C.F.R. § 241.4. See Zadvydas v. Davis, 533 U.S. 678, 683 (2001). In Zadvydas, the Supreme Court held that detention under § 1231 for a period of up to six months is presumptively reasonable. Id. at 701.

Respondents argue that, pursuant to § 1231(a)(1)(C), Petitioner's removal period is suspended by Petitioner's appeal to the Sixth Circuit for a stay of removal, and because Petitioner refused to cooperate with ICE in effecting his scheduled removal on September 14, 2010. Section 1231 (a)(1)(C) provides that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended

period if the alien . . . acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

Respondents claim that by appealing his order of removal to the Sixth Circuit, Petitioner has acted to prevent his removal. However, "appeals and petitions for relief are to be expected as a natural of the process," and an alien cannot be punished for "explor[ing] avenues of relief that the law makes available to him." Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003). Therefore, Petitioner's motion before the Sixth Circuit to stay his removal does not suspend the 90-day removal period.

The 90-day removal period is suspended, however, where "the alien has demonstrated some sort of bad faith failure to cooperate." Rajigah v. Conway, 268 F. Supp. 2d 159, 165 (E.D.N.Y. 2003). In failing to cooperate with ICE by refusing to board a series of flights scheduled to return him to Pakistan on September 14, 2010, Petitioner acted to thwart his removal in a manner other than by the avenues legally available to him. Pursuant to 8 U.S.C. § 1231(a)(1)(C), such conduct suspends the 90-day removal period. See Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003) (removal period suspended where alien repeatedly refused to complete his passport application and provided conflicting information regarding his name, birthplace, and nationality).

Because Petitioner's removal period under § 1231 has not yet expired, his detention is not in violation of the Constitution or laws of the United States. Therefore, Respondents' Motion to Alter or Amend Judgment is hereby **GRANTED**. (Dkt. # 40).

As Petitioner is no longer being held pursuant to 8 U.S.C. § 1226, this Court's previous Order granting Petitioner's habeas corpus petition is hereby **VACATED**.  (Dkt. # 39).  Petitioner's § 2241 habeas petition is **DISMISSED**.  (Dkt. # 1).

Additionally, in light of the foregoing, Respondents' Second Motion to Stay Execution of Judgment is hereby **DENIED as MOOT**.  (Dkt. # 44).

Finally, the Federal Respondents' Motion to Correct the Court Docket is hereby **GRANTED**.  (Dkt. # 45).

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – September 17, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**